UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOHAMMED JAMEEL SHAIKH,

Plaintiff,

vs.

IGNIS HOMES LLC; LIZETTE HERNANDEZ; FIRST INTERNATIONAL TITLE LLC; JK CLOSING ATTORNEYS, PLLC; JOHN/JANE DOE 1; JOHN/JANE DOE 2; and JOHN/JANE DOE 3,

Defendants.

Case No. 6:25-cv-1866-PGB-RMN

# ORDER

This matter is before the Court without oral argument on a Renewed (Opposed) Third Motion To Compel Defendants To Mediate Before Judge Singh (Dkt. 244) filed by Plaintiff Mohammed Jameel Shaikh. The motion is referred to a magistrate judge for adjudication.[1] No response is required.

---

[1] Although the Local Rule 3.01(g) certification is deficient because Plaintiff does not appear to have conferred with opposing counsel in person, by telephone, or via videoconference, the Court will address the merits of the motion.

On September 4, 2026, the Court issued an order appointing Jeff Fleming as mediator. Dkt. 231. The Court set October 15, 2026, as the mediation deadline. Dkt. 217.

The Court construes the motion as one seeking reconsideration of its past orders. Reconsideration of a court order is an extraordinary remedy and power that should be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv-2014, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus. Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). To that end, courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Plaintiff offers no intervening change in controlling law or relevant new evidence. Nor does he identify a need to correct clear error or manifest injustice. He therefore has not met his burden, and the motion is denied.

Because the filings in this case suggest the parties do not recognize the significance of complying with court orders, some explanation appears necessary. The parties have been ordered to mediate by October 15, 2026, in a session led by Jeff Flemming, who is certified as a mediator by this Court.

If the ordered mediation does not occur, then the parties and counsel may be found in contempt and sanctioned by the Court. Depending on the circumstances surrounding such contemptuous conduct, sanctions may include imposing monetary sanctions, payment of costs (including attorney fees expended by opposing parties), and dismissal of this lawsuit or entry of a default judgment (as applicable).

**SO ORDERED** in Orlando, Florida, on October 7, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Mohammed Jameel Shaikh
754 Marion Street
Daytona Beach, Florida 32114

Counsel of Record